IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARSHA E. WELLS
a/k/a MARSHA E. JONES                                                                    PLAINTIFF


     v.          CIVIL NO. 2:25-cv-02119-MEF


FRANK BISIGNANO, Commissioner
Social Security Administration                                                           DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marsha Wells, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner). On December 5, 2025, the Defendants filed a motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 7), and the Plaintiff filed a Response in Opposition. (ECF No. 8).

### I.    Procedural History

Plaintiff filed applications for disability insurance benefits and supplemental security income. Following an administrative hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's applications for benefits on August 9, 2024 (ECF No. 7-1), and she requested the Appeals Council review of said decision. (ECF No. 8-1). On July 2, 2025, the Appeals Council mailed a notice/letter of its action to Plaintiff's address, informing her that her request for review had been denied and notifying her of the right to commence a civil action within 60 days from the date of the receipt of the notice/letter. (ECF Nos. 7-1 and 8-1). Plaintiff filed her Complaint with this Court on October 6, 2025. (ECF No. 2).

The Commissioner filed a Motion to Dismiss for Failure to State a Claim, alleging Plaintiff's Complaint is untimely. As per the declaration of Lesha Cowell, court case preparer for the Commissioner, there is no evidence that the Plaintiff filed a request for an extension of time to file her civil action. (ECF No. 7-1). In Plaintiff's response, she puts forth several reasons for why her Complaint should be deemed timely filed. First, she contends that her counsel did not receive the Notice of Appeal Council Action until July 14, 2025, 12 days after it was dated. Due to changes in her contact information, however, counsel had not been in contact with Plaintiff for over 30 days. When contact was finally reestablished, Plaintiff completed and signed the Motion to Proceed In Forma Pauperis on September 19, 2025, but counsel did not receive it until October 6, 2025. As such, Plaintiff contends she is entitled to an additional five days beyond the date the Appeals Council letter was received by counsel's office to file her Complaint and an additional five days for returning the case initiating documents.

Plaintiff also claims her counsel attended a National Organization of Social Security Claimants' Representative ("NOSSCR") conference in September 2025 regarding the looming government shutdown and exchanged "additional consent to extensions with the Social Security Administration's Office of General Counsel, for an ability to also have extensions approved." On October 1, 2025, the government shutdown for 43 days.

Lastly, Plaintiff avers that the denial notice, appeal deadline, and subsequent filing of the case occurred during a time when her counsel was dealing with serious medical issues that resulted in surgical intervention and a stent in ICU.

## II.     Applicable Law

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's

decisions except as provided in § 405(g) of the Act. *Smith v. Berryhill*, 587 U.S. 471, 474-475 (2019). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

The final decision of the Commissioner is binding unless the claimant files an action in a federal district court within 60 days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. §§ 404.901, 422.210(c).

The Eighth Circuit has upheld the 60-day time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam). Further, the Supreme Court, in *Bowen v. City of New York*, 476 U.S. 467, 481 (1986), ruled that the 60-day period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. In most cases, however, the Commissioner should make the determination whether to extend the sixty-day period, and that only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate" should the courts extend the period. *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); *Barrs v. Sullivan*, 906 F.2d 120, 121 (5th Cir. 1990).

### III.   Discussion

Here, the Appeals Council's decision denying Plaintiff's request for review is dated July 2, 2025. (ECF No. 8-1). In the letter, the Appeals Council explained that it would assume Plaintiff

received the letter five days after the date on it unless Plaintiff showed that she did not receive it within that 5-day period. (*Id.*). The Appeals Council also notified Plaintiff that if she could not file for court review within 60-days, she could ask the Appeals Council to extend her time to file. (*Id.*).

Accepting as true Plaintiff's statement that the Notice of Appeals Council Action was not received by her or her counsel until July 14, 2025, Plaintiff had until September 15, 2025, to file her Complaint. However, her Complaint was not filed until October 6, 2025. (ECF No. 2).

While Plaintiff contends that her counsel received some sort of consent to extensions of time from the Office of General Counsel during a seminar in September, she has put forth no documentation to support her contention. And the Commissioner "is not aware of any request for an extension of time to file." (ECF No. 7-1).

Additionally, Plaintiff's excuse that her attorney was hospitalized during her 60-day window to file her Complaint is unavailing. By her own admissions, he was able to attend the NOSSCR conference that took place September 9-12, 2025. *See* NOSCR, Fall 2025 National Conference, *at* https://portal.nosscr.org/NOSSCR/Event_Display.aspx?EventKey=SD_2025. As such, there is no reason why counsel should not have been able to request an extension of time from the Appeals Council or have support staff or a law firm partner do so.

Further, Plaintiff's argument concerning the government shutdown is misplaced, as the shutdown occurred 16 days after her deadline to file and well after counsel's attendance at the NOSSCR conference. There was ample time to request an extension of time prior to the start of the government shutdown on October 1, 2025.

Accordingly, Plaintiff's Complaint is untimely and must be dismissed with prejudice.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED** and Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITH PREJUDICE**.

DATED this 17th day of December 2025.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE